UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| TOOKIE BROWN, | ) | C/A No.  4:12-3360-TLW-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| CECILIA R. REYNOLDS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Tookie Brown (Petitioner/Brown), appearing *pro se*, filed his petition for a  writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 27, 2012. Respondent filed a motion for summary judgment on April 5, 2013, along with a return, supporting memorandum, and exhibits. (Docs. #21 and #22). The undersigned issued an order filed April 8, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #23). Petitioner filed a response on May 10, 2013.

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.


## PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is presently confined at the Lee Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Richland County.[2] Petitioner was indicted by the Richland County Grand Jury during the December 2009 Term of the Richland County Court of General Sessions for one count of Possession with Intent to Distribute Crack Cocaine, Third Offense (2009-GS-40-6517); one count of Possession with Intent to Distribute Cocaine, Third Offense (2009-GS-40-6518); and one count of Possession with Intent to Distribute Marijuana, Third Offense (2009-GS-40-6519). Petitioner was represented by James Hunter May, Esquire, an Assistant Public Defender for Richland County. The State was represented by Assistant Solicitor Robert J. Elam of the Fifth Judicial Circuit. On February 2, 2010, Petitioner waived his right to a trial by jury and pleaded guilty to Possession with Intent to Distribute Cocaine, Second Offense, Possession of Crack, Second Offense, and Possession with Intent to Distribute Marijuana, Second Offense, before the Honorable G. Thomas Cooper, Jr., Circuit Court Judge. Judge Cooper sentenced Petitioner to five years confinement on the PWID Marijuana, Second Offense conviction, five years confinement for Possession with Intent to Distribute Cocaine, Second Offense conviction, and five years confinement on the Possession of Crack, Second Offense conviction, all to be served concurrently "with each other and federal, but not coterminous w/federal sentences." (See

---

[2] On July 28, 2009, law enforcement executed a search warrant on Petitioner's apartment based upon information obtained from a confidential informant. When the warrant was executed, law enforcement officers pulled Petitioner from the bathroom where he was allegedly trying to destroy some evidence in the sink. They recovered more than ½ gram of crack cocaine. In the refrigerator/freezer, law enforcement found 5.18 grams of cocaine. Elsewhere in the apartment, law enforcement found over ½ ounce of marijuana. (Tr. 9). There was no direct appeal.

Respondent's Attachment Nos. 2, 4).

**PCR**

On May 18, 2012, Petitioner filed an Application for Post-Conviction Relief (PCR) (2012-CP-40-3517), alleging ineffective assistance of counsel, the trial court did not ensure that his guilty pleas were knowingly, voluntarily, and intelligently given; the trial court lacked subject matter jurisdiction in connection with the Grand Jury and its Indictments; and the State breached a plea agreement discovered in November 2011. (Attachment No. 5). Petitioner went on to list twenty-two supporting facts for his allegations.

The State served its Return and Motion to Dismiss on May 30, 2012. (Attachment No. 6). In the Return, the State argued Petitioner's Application for Post-Conviction was untimely. On June 5, 2012, the PCR Court entered its Conditional Order of Dismissal. (Attachment No. 7). In its Order, the PCR Court noted it agreed with the Respondent that the Application for Post-Conviction Relief should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. §17-27-10 to -160. For the purposes of the PCR Court's Order, the Applicant's conviction/sentence was "finalized" on the date of his conviction or the date of the Remittitur from any direct appeal, whichever was later, i.e. February 2, 2010. Adding one (1) year per S.C. Code § 17-27-45(a) and one (1) day per Rule 6(a), SCRCP means that this PCR application had to be filed by February 3, 2011. The PCR application was filed on May 18, 2012, which was beyond the statutory time for filing. The PCR court entered a conditional order of dismissal giving Petitioner a set time period to show why the conditional order dismissing the PCR action for failure to comply with the filing procedures of timely filing should not become final. The

PCR court entered its final order of dismissal on August 1, 2012, denying the application for PCR.

Petitioner filed a notice of appeal from the denial of his PCR application. By order filed September 28, 2012, the South Carolina Supreme Court dismissed the appeal. The Remittitur was issued on October 17, 2012.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds, quoted verbatim:

GROUND ONE:　　　Trial court accepted guilty plea not knowingly, voluntarily and intelligently given regarding breached agreement due to ineffective assistance of counsel in violation of the Constitution's 6 and 14 Amendments.

GROUND TWO:　　　Breached plea agreement due to ineffective assistance of counsel, in violation of the Constitution's 6th and 14th Amendments.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none

can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting

his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

In response to the motion for summary judgment with regard to the limitations period, Petitioner argues that the one-year limitation time period should not have started running until November 2011, the date he alleges he discovered his plea agreement had been breached. Petitioner asserts that when he was released from federal custody in November 2011 after the one year time period had expired for filing his PCR, he "factually discovered that I will not be given credit for time served in federal custody as agreed upon prior to my plea." (Doc. # 26 at 1). Petitioner argues Respondent is incorrect in the assertion he was not entitled to state credit for time served in federal prison under state statute (S. C. Code Ann. 24-13-40) because he was already serving his sentence on revocation of his federal supervised release when he pleaded guilty to state charges. Petitioner contends the state court judge marked on the sentencing sheets that his sentence was to run concurrent with his federal sentence.

The applicable law is as follows:

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on February

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

2, 2010. Petitioner's conviction became final ten (10) days after his plea since he did not serve a notice of appeal. Therefore, his conviction became final after the expiration of the ten days and the one-year limitations period began running on February 12, 2010. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. See, e.g., Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on May 18, 2012. Therefore, over a year had lapsed between the conviction becoming final and the time the PCR was filed. The South Carolina Supreme Court dismissed his case and issued the remittur. Petitioner filed this habeas petition on November 27, 2012, with a Houston v. Lack, supra, delivery date of February 12, 2012. However, even using the date of February 12, 2012, the instant petition is time-barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." Woodford v. Garceau, --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000). As we held in Harris, however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir.2001) (quoting Harris, 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a

substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (document #22) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied as it is barred by the statute of limitations, and the petition dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
October 24, 2013                                    United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**